# Reitz's Appeal.

1. Fisher conveyed real estate, a steamboat and other property to Reitz, with the stipulation that Reitz should reconvey within a year at the same price on three months' notice by Fisher. Fisher gave the notice; before the time for reconveyance the boat was wrecked by an ice flood. On the day fixed in the notice, Reitz tendered a conveyance of all the property, including the boat in its wrecked condition. *Held,* that Fisher was not bound to accept.

2. The notice amounted only to an engagement to take the property sold to Reitz.

3. It was not a present purchase, so as vest the property in Fisher.

4. If the personal property did not exist in the form it was when the reservation for repurchase was made, Fisher was not bound to take it, and the notice did not alter this condition.

5. When there is a contract to purchase at a future time no title passes.

6. When there is a complete contract in which everything is done but transferring the possession, which is to be done at a future time, the title passes, if nothing is to be done but to hand over the thing purchased.

7. Winslow *v.* Lanier, 12 Harris 14, and Chamberlain *v.* Smith, 8 Wright 431, remarked on.

January 25th 1870. Before THOMPSON, C. J., READ, SHARS-WOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Snyder county :* In Equity : No. 242, to January Term 1870.

On the 14th of April 1868 Jonathan Reitz filed a bill against John H. Fisher, and on the 16th of July filed an amended bill.

The bills set out :—

1 and 2. The plaintiff on the 5th of April 1867, executed to the defendant five judgment-bonds for the payment in the aggregate of $3700, at different periods named in said bonds, the first for $500 being payable on the 1st of October 1867 ; judgment had been entered on the bonds in the Common Pleas of Snyder county. On the same day the defendant executed to the plaintiff in payment of said bonds a mortgage (a copy of which was attached to the bill).

3 and 4. On the 30th of March, the defendant had entered into an agreement with the plaintiff, by which the defendant agreed to convey to the plaintiff in five days thereafter, three lots of land on the Isle of Que, in Selinsgrove, Snyder county ; also the Steam Ferryboat at Selinsgrove, and the right of the defendant in the Selinsgrove Ferry and Ferry charter :—the consideration to be paid by the plaintiff was $6035, of which the sum of $3700 was the judgment-bonds above mentioned. The plaintiff was to pay such claim as H. B. Masser had in the Ferry and Ferry charter, &c. And further that the defendant should " have the right to purchase back the said property within one year for the same price, upon giving at least three months' previous notice "

to the plaintiffs; and if the defendant should purchase the property back, the plaintiff was to resign to him the express agency, mail and freight agency, &c., should he be appointed, with other unimportant stipulations. On the 21st of December 1867, the defendant gave notice to the plaintiff that he desired to purchase back the lots, and required the plaintiff " to reconvey the same at the same price," &c., on the 1st of April 1868, and also required the plaintiff at the same time to reconvey the Steam Ferryboat, Ferry Charter and all the other property which had passed by the agreement of March 30th.

5. The plaintiff has been ready to convey, and on the 1st of April 1868, offered to reconvey according to the defendant's notice.

6. On the 1st of May the defendant took the express agency, &c., into his own hands.

7. The plaintiff had been always ready to settle with Masser and pay him, &c.

8. About October 1st 1867, the plaintiff wished to pay the $500, then due with interest, but defendant told him he was going to take the property back in the spring, and he would have to repay the money, and advised the plaintiff to retain it.

9. The plaintiff had been always ready to reconvey, and account for the use of the property, &c. The prayers were that the defendant be restrained from collecting the amount of the judgments and be ordered to enter satisfaction on them, and for further relief.

The instrument called in the bill a mortgage, * * * "in consideration of the sum of three thousand three hundred dollars, * * * paid by the said Jonathan Reitz, * * * granted unto the said Jonathan Reitz, and to his heirs and assigns, the following described three lots of ground, situate on the island of Que, in the borough of Selinsgrove, &c., * * * subject to the dower of Mrs. Hahne, widow of George Hahne, deceased, of, in and to the same, and with the right of the said John H. Fisher, his heirs or assigns, to purchase back the said three town lots for the same price as hereinafter mentioned, &c. * * * Provided always, and with the express understanding that the said John H. Fisher, his heirs or assigns shall have the right to purchase back the said real estate on the first of April, A. D. 1868, by giving at least three months' previous notice, and shall also have the right to purchase back the Steam Ferry Boat at Selinsgrove Ferry and Ferry Charter at the same price paid for the same by the said Jonathan Reitz as agreed between the said parties by article of agreement, &c. * * *

The defendant answered admitting several of the averments of the bill; he averred that the judgment-bonds were part of the consideration for all the property sold to plaintiff by the agreement of March 30th, that the instrument called in the bill a mortgage, was an absolute deed, that the plaintiff refused to deliver the property

in the condition in which it was when the notice was served; that plaintiff tendered defendant a deed of the real estate, but defendant was not aware that he offered to transfer the steamboat, &c., that plaintiff was still using the real estate, &c., that through his own negligence plaintiff was not able to deliver the steamboat at the time named, for it was then "but pieces of one so that in fact no steamboat was offered or ready to be delivered," &c.

The case was referred to J. M. Linn, Esq., as master. He found amongst other things, that on the 21st of December 1867, the defendant gave the plaintiff the notice as set out in the bill; he found also that in March 1868, after the notice but before the time at which the reconveyance was to be made, without any fault or negligence of the plaintiff, the steamboat was almost entirely destroyed by an ice flood; that all the consideration except the $3300 secured by the judgment-bonds had been paid, and that sum was about a fair price for the real estate alone; that on the 1st of April 1868, the plaintiff tendered the defendant a conveyance of all the real estate, also the steam ferry-boat and all the other property theretofore conveyed to him by the defendant. The defendant refused, his attorney saying "that the steamboat was broken up, and in such a condition that Fisher could not accept a return of the property —that he would not take the property back because the steamboat was injured, through the want of care on the part of Reitz."

The master reported that the bill be dismissed. Exceptions were filed to his report.

The court overruled the exceptions and dismissed the bill, saying in the conclusion of the opinion : " Reitz cannot sustain this bill by reason of his not being able to perform his part of the covenant by delivering the steamboat to Fisher, it having been destroyed when it was in the possession of him, Reitz, and when it was at his risk."

The plaintiff appealed to the Supreme Court, assigning the dismissal of the bill for error.

*A. C. Simpson* and *W. Van Gezer*, for appellant.

*C. Hower* and *J. C. Bucher*, for appellee.

The opinion of the court was delivered, March 21st 1870, by

THOMPSON, C. J.—After a careful consideration of the elaborate report of the master in this case, and the review of it by the learned judge below, we agree with the latter, that the notice of the 21st of December 1867 amounted only to an engagement by Fisher, pursuant to the deed of the 5th of April 1867, to purchase from Reitz the property sold and transferred by him to Reitz by that deed, on the 1st of April 1868. It was not a present purchase, so as to vest the property in him. That it was to be Reitz's

up to that time, the entire transactions between the parties show. Fisher had the right to elect to buy it on that day; that that engagement might be consummated on that day, depended on circumstances, the essential circumstances, of payment and satisfaction. Without that, or something to stand in lieu of it, Reitz would not be bound to part with any portion of the property. The notice, therefore, made no transfer of title to any part of the property; it is to be controlled in its operation to the right reserved to purchase, and that right was to be exercised on the 1st of April 1868. The notice was a preliminary to the exercise of the right, and no more. It was then, or at that time, the ownership of the property was to change, if ever. A creditor of Fisher could not have levied and sold the property as Fisher's prior to that time. If it did not exist, that is the personal property, on the 1st of April, Fisher could not purchase it, and if it did not exist in the form it was when the reservation for the repurchase was made, he was not bound to take it, and the notice in accordance with the reservation did not alter this essential and implied condition. There being no contract for the sale of the property in fact, or intended, the title did not pass, so as to draw to it possession, and there being no actual delivery to Fisher by Reitz of the land in question, it remained at the risk of Reitz until an actual sale should be consummated. The title in Reitz was not disturbed by the notice—if it was, and it should be held to have passed the property to Fisher, a consideration would be altogether wanting. Reitz could not be compelled to part with his property without this. This is but a mode of illustrating the idea that the whole matter was to remain *in fieri* until the 1st of April 1868. The cases of Winslow, Lanier & Co. *v.* Leonard, 12 Harris 14, and Chamberlain *v.* Smith, 8 Wright 431, clearly mark the distinction between a contract to purchase at a future time, and a complete and perfect contract where everything is done but the transferring of possession, which is to be done at a future time. In the former case no title passes, and in the latter it does, if nothing is left to be done but to hand over the thing purchased. We think the learned judge took the true view of the controversy between the parties, and was right in holding that unless the complainant could transfer the entire subject of the reservation, substantially at least, the respondent could not in equity be required to receive and pay for any of it. We do not think it necessary to elaborate what has been so well expressed by the learned judge, and have contented ourselves with this simple view, to express our approbation of the decision below.

> Decree dismissing the bill affirmed, and this appeal dismissed at the costs of the appellant.