| 201 | 207 |
| 209 | ¹627 |

## Neill, Appellant, *v.* Hitchman.

*Vendor and vendee—Option to purchase coal—Bill to remove cloud on title—Equity—Burden of proof.*

Where a bill in equity is filed to remove a cloud on a title caused by the alleged wrongful recording of an option to purchase coal, and the defendant avers in his answer that the option had been accepted by him within the time mentioned in the agreement, the burden of proof is on the defendant to establish the fact that he had accepted the option within the time specified, and if he fails to do so, a decree will be entered against him. In such a case all that complainant is required to do to establish his right to have the option cancelled is to show that the defendant had recorded it, and was asserting his right to use it as a valid contract for the sale of the coal.

On a bill in equity to remove a cloud on title caused by an alleged wrongful recording of an option which the defendant claimed that he had accepted, a finding by the court that the defendant had endeavored in good faith to carry out his part of the contract, and is now able and willing to perform his part of the agreement, is not a finding that the defendant had accepted the option within the time specified in the agreement.

Argued Oct. 23, 1901. Appeal, No. 128, Oct. T., 1901, by plaintiffs, from decree of C. P. Washington Co., No. 1113, in equity, dismissing bill in equity in case of Thomas Neill et al. v. E. T. Hitchman. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*R. W. Irwin,* for appellants.—The burden was upon the defendant to prove that he had given the plaintiffs notice of his

election to purchase the coal, and in the absence of a finding by the court that such notice was given we are entitled to the relief prayed for.

*Andrew M. Linn*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1902:

Thomas Neill, J. M. Neill, R. C. Neill, J. M. Neill, administrator c. t. a. of the estate of S. A. Neill, deceased, and N. J. Neill, by a written agreement dated June 9, 1899, for the consideration therein named agreed to sell and, " upon acceptance of the option and privileges " set forth in said agreement, to convey to E. T. Hitchman the Pittsburg vein of coal, with certain designated mining rights, underlying a tract of land situate in North Strabane township, Washington county, containing 156 acres, more or less. In that agreement, and as a part thereof, is the following clause : " It is hereby agreed that the true intent and meaning of this agreement is to give to said purchasers, their nominees or assigns, the option or privilege of buying said described coal, coal rights and privileges, under the terms named, at any time within four months of the date hereof. In case said purchasers, their nominees or assigns, shall not accept the right to purchase said coal, coal rights and privileges within the time limited herein, then this agreement shall forthwith become null and void, and the said purchasers, at their option, be fully released from all liability and obligation of any and every kind and character whatsoever hereunder."

Subsequent to the expiration of the four months named in the agreement, the owners refused to convey the coal to Hitchman, alleging that he had not exercised the right given him to accept the option to purchase within the time prescribed therein, and that, therefore, the option was according to its terms, null and void. Hitchman, on the contrary, averred that he notified the owners of the coal of his acceptance of the option within four months from the date of its execution and that it thereby became a valid contract of purchase, enforceable against the vendors. He thereupon caused the agreement to be recorded in the recorder's office of Washington county. After the agreement had been recorded, the plaintiffs filed this bill,

averring that the recording of the agreement had cast a cloud upon their title to the coal, and asking that the agreement be decreed to be null and void and delivered up for cancellation on the ground that it did not become effective as a contract for the sale of the coal by reason of the failure of the defendant to notify the owners of his acceptance of the option within the four months prescribed by its terms. The court below refused to grant the plaintiffs the relief prayed for and dismissed their bill.

There is no difficulty in determining the character of the agreement between the parties. It is conceded to be simply an option or privilege to Hitchman to purchase the coal and mining rights within the time designated in the agreement. To convert it into a contract of absolute sale, it was obligatory upon Hitchman to exercise his right to purchase the coal on the terms and within the time therein specified by the acceptance of the option. Until he had taken this step and performed this affirmative act, the title to the property remained in the owners and the agreement continued to be an option. It is apparent, therefore, that the vital and controlling question in the case is one of fact, which should have been determined by the court below. If Hitchman accepted the option within four months of its date, the plaintiffs' bill was properly dismissed; on the other hand, if he failed to avail himself of the provision of the option within the time named and thereby to become a purchaser of the plaintiffs' coal, the relief sought here should have been granted.

The learned trial judge has not determined the question whether there was an acceptance of the option by the defendant within the time limited by its terms. The nearest approach to a finding on this subject is the following: " That the defendant has in good faith endeavored from August 30, 1899, to carry out his part of the said contract, and at all times since, and now, is able, ready and willing to perform his part of the said contract, and this all the plaintiffs knew prior to October 9, 1899, and all the plaintiffs ratified said contract of purchase to the signing, sealing and acknowledging of said deed on November 21, 1899." This is not, nor do we understand that the learned judge intended it to be, a finding that the defendant had accepted the option to purchase the coal. That he has en-

deavored in good faith to carry out his part of the contract and
is now able and willing to perform his part of the agreement, or
that the plaintiffs prepared and had ready for delivery a deed
conveying the coal to the defendant, does not make the defend-
ant a purchaser of the coal within the terms of his contract.
These matters may be some evidence of a desire and intention
on the part of the grantee to purchase the coal, but they do not
establish his acceptance of the option in the manner required
by its terms, thereby converting it into a sale and purchase of
the coal.

The learned judge says in his " Reasons for findings of fact
and conclusions of law ". that " on the bare question of whether
or not there was notice given and received of the acceptance
of plaintiff's coal within the four months, the parties themselves
are so contradictory that a court of equity would not cancel a
written instrument where such a decree is prayed for, when the
burden that is on the plaintiffs is to satisfy a chancellor by evi-
dence that is clear, precise, explicit, unequivocal and indubi-
table, that a party to the contract has failed to carry out his
part of its terms. For this reason alone we could not grant the
relief sought under this bill." The learned judge is in error in
suggesting and holding that the burden was on the plaintiffs to
show that the defendant had failed to carry out his part of the
contract by accepting the option to purchase. This error, un-
doubtedly, led him to his erroneous conclusions in the case. If
the plaintiffs were trying to enforce the agreement as a contract
of sale, they would be required to show that the defendant had
accepted the option. This they are not doing, nor is it the ob-
ject of this proceeding. The defendant, however, is seeking
here to give validity to the agreement as a contract to purchase,
and the onus is upon him to establish that he performed his
part of the agreement. If he fail in this he has no rights, under
this agreement, and in so far as he attempts to use it for the al-
leged illegal purpose, he must be restrained. The pleadings in
the case do not shift to the plaintiffs the burden of showing
the negative fact that there was no acceptance of the plaintiffs'
offer to sell the coal. The bill set out the terms of the agree-
ment between the parties, and averred the failure of the de-
fendant to accept the option. This, however, did not impose
upon the plaintiffs the duty of establishing the fact that the

defendant had not purchased the coal by accepting the option. All the plaintiffs were required to do to establish their right to have the option cancelled, was to show that the defendant had recorded it and was asserting his right to use it as a valid contract for the sale of the coal. When they did so, it became incumbent upon the defendant to satisfy the court that the option had been accepted, which he averred in his answer to be a fact, and that he was, therefore, a purchaser of the coal and had the right to have the contract specifically performed. Had the learned trial judge taken this view of the case, the rule of law cited by him in the above excerpt from his opinion would have given the plaintiffs the relief asked for in their bill.

The plaintiffs having shown the option and the attempt of the defendant by recording it to use it as a valid and subsisting contract for the sale of the coal, were entitled to have it declared " null and void," unless the defendant satisfied the chancellor by requisite proof, that he had accepted the option within four months of the date of the agreement. We have carefully read all the testimony and it does not come up to the standard required in such cases, as the learned trial judge concedes in his opinion. There can be no doubt that it was the intention of both parties that the sale should be consummated. Mr. Hitchman evidently intended to take the coal, and the plaintiffs expected him to take it, as he had the right to do under the agreement, when he had complied with its terms. It may be conceded that the owners never objected to conveying the coal to Hitchman until they were advised of their legal rights under the contract. But none or all of these matters prevent them from now demanding a compliance with the agreement and from invoking the aid of a court to prevent the defendant from making an illegal use of it.

The defendant in his answer avers that he gave notice of the acceptance of the option within the time limited in the contract. As has been said, it was his duty, in maintaining his defense and in establishing a contract of sale, to show that fact. This case, therefore, practically resolves itself into a proceeding on the part of the defendant for the specific performance of the contract of June 9, 1899. The plaintiffs' application for the cancellation of the option is a denial of the contract of sale, and the defendant's response is an affirmance of its validity

and a prayer for its enforcement. Such is the status of the case, and the refusal to grant the relief sought in the bill would be indirectly to decree the specific performance of the contract. The evidence in the case does not justify such action on the part of a chancellor.

The decree of the court below is reversed, the bill is reinstated, and it is now ordered, adjudged and decreed that the agreement dated June 9, 1899, between Thomas Neill et al., the plaintiffs, and E. T. Hitchman, the defendant, recorded in the recorder's office of Washington county, is null and void, and that the same be delivered up by the defendant to the plaintiffs for cancellation. It is further ordered that, upon the delivery of a copy of this decree, duly certified by the prothonotary of Washington county, to the recorder of deeds of said county, he, upon payment of the proper fees, enter the same or a minute thereof upon the margin of the record of said agreement, and that thereafter it be filed among the records of his office. The costs of this appeal and in the court below to be paid by the appellee.