## Swank *v*. Fretts, Appellant.

*Contracts—Option—Agreement to sell coal—Time.*

An agreement to sell land with no obligation on the other party to buy, and vendor to make a deed on specified notice from the other party, but no obligation to give such notice, is an option and time is of its essence.

On a bill in equity for the cancellation of an agreement, it appeared that the plaintiff, an owner of coal, agreed in writing to sell the coal at a certain rate per acre. The agreement contained the following provisions: "The deed to be made for the above-described tract of coal and mining rights by the party of the first part, their heirs or assigns, on fifty days' notice in writing by the party of the second part, his heirs or assigns. . . . A failure of the second party to make first payment within fifty days from the above date shall render this agreement null and void." There was no agreement on the part of the defendant to buy. No payment was ever made and no notice of acceptance given, up to the filing of the bill, two years and a half after the date of the agreement. *Held*, that the plaintiff was entitled to a decree.

Argued Oct. 10, 1904. Appeals, Nos. 142 and 143, Oct. T., 1904, by A. E. Fretts et al., from decree of C. P. Westmoreland Co., No. 468 in equity in case of William M. Swank v. A. E. Fretts and C. B. Coon. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for the cancellation of an agreement in writing. Before DOTY, P. J.

By the agreement "the party of the first part (plaintiff) hereby agrees to sell to the party of the second part, exclusively, all the different veins of coal on, in and under that certain tract of land situate . . . .

" The said coal to be paid for as follows, at the rate of fifty ($50.00) dollars per acre. One dollar on the signing of this agreement and the balance in payments as are hereafter designated. It is hereby agreed that second party has the right to mine and carry away all of said coal and with all the mining rights and privileges necessary or convenient to such mining and removal of the same . . . . together with the right of mining and removing under said prescribed premises other coal or matter belonging to or that may hereafter belong to said second party, his heirs or assigns, and to convey the same to said second party, his heirs or assigns, by deed of general warranty in fee simple and clear of all incumbrances. The deed to be made for the above-described tract of coal and mining rights by the party of the first part, their heirs or assigns, on fifty (50) days' notice in writing by the party of the second part, his heirs or assigns. A good deed with general warranty to be made whenever the unpaid purchase money is secured by bond with mortgage on the premises. One-third of the purchase money in two equal annual payments bearing five per cent. interest. First party reserves the right to drill for oil and gas. A failure of second party to make first payment within fifty days from above date shall render this agreement null and void. If second party accepts the coal in and under the above-described land he also agrees to take the McKee farm as per article of agreement of January 11, 1901."

The court found as a fact that Fretts did not accept within the stipulated time, nor did he make any payment on account of the purchase money.

The court entered a decree in favor of the plaintiff.

*Error assigned* was the decree of the court.

*William S. Rial*, with him *Edward B. M'Cormick*, for appellant.—The right to declare a forfeiture must be distinctly reserved : Thompson v. Christie, 138 Pa. 230.

It is incumbent on the vendor to demand performance on the day fixed in the agreement. The forfeiture clause is inserted for his benefit and on a default he ought to have asserted his rights under it: Brown v. Vandergrift, 80 Pa. 142; Galey v. Kellerman, 123 Pa. 491 ; Springer v. Natural Gas Co., 145 Pa.

430 ; Hatton v. Johnson, 83 Pa. 219 ; Davis v. Stuard, 99 Pa. 295 ; Eberz v. Heisler, 12 Pa. Superior Ct. 388 ; Pomeroy on Contracts, sec. 394 ; Vankirk v. Patterson, 201 Pa. 90.

*C. E. Whitten*, with him *M. N. McGeary, Rabe M. Marsh*, and *J. R. Smith*, for appellee, cited : Neill v. Hitchman, 201 Pa. 207 ; McMillan v. Philadelphia Co., 159 Pa. 142.

PER CURIAM, November 4, 1904 :

The language of the agreement is that the party of the first part (plaintiff) "agrees to sell," but there is no agreement of the other party to buy, and any obligation to do so is negatived by the last sentence, "If the second party accepts the coal . . . . he also agrees to take the McKee farm," etc. The vendor was to make a deed "on fifty days' notice in writing by the party of the second part," but there was no obligation to give such notice. The agreement was clearly an option and time was of its essence : McMillan v. Phila. Co., 159 Pa. 142 ; Neill v. Hitchman, 201 Pa. 207.

The duration of the option is somewhat uncertain, but as it was provided that a failure to make the first payment within fifty days from the date should render the agreement void, that was the apparent limit of the time for acceptance. It is admitted that no payment was ever made and no notice of acceptance given up to the filing of this bill, nearly two years and a half after the date of the agreement.

Decree affirmed at costs of the appellant.