Safe Deposit & Title Guaranty Company of Kittanning *v.* Linton, Appellant.

213    105
30 SC  581

*Deed—Mortgage—Defeasance—Recording—Act of June* 8, 1881, *P. L.* 84.

Where a grantee in a deed absolute on its face, executes subsequently to the deed a paper in which he agrees to pay a mortgage with interest then due, to advance a sum stated, and to pay the taxes on the land, and thereafter to reconvey the property to the grantors when they should refund the amount advanced with interest and costs, such paper is a defeasance; but if it is not recorded within sixty days from its date as provided by the

Act of June 8, 1881, P. L. 84, it cannot be admitted to convert the deed into a mortgage.

Argued Oct. 10, 1905.  Appeal, No. 113, Oct. T., 1905, by defendant, from decree of C. P. Armstrong Co., June T., 1904, No. 139, on bill in equity in case of Safe Deposit and Title Guaranty Company of Kittanning v. P. R. E. Elwina Linton and A. F. Linton.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Bill in equity for partition.

PATTON, P. J., filed the following opinion:

On December 30, 1901, the defendants, by deed of general warranty, conveyed to the plaintiff two-thirds of a tract of land in Perry township, Armstrong county, containing 307 acres.

On February 3, 1902, the plaintiff gave to the defendants the paper which is the foundation of the present controversy. It was acknowledged the same day but was not recorded until June 5, 1903.  It is not denied that the defendants are the owners of at least one-third of the real estate in controversy. The plaintiff claims to own the two-thirds by reason of the deed of December 30, 1901, which is a deed for the real estate regular and absolute on its face.  The defendants, while admitting this deed, allege that it is held subject to the paper of February 3, 1902, which they call a deed or declaration of trust.  This is the issue before us and must be determined upon the proper construction of the paper of February 3, 1902.

This paper is out of the ordinary; it is in a class of its own, yet it has all the earmarks of a defeasance and falls within every definition of a mortgage.  The grantee agrees to pay a mortgage of $6,500, with interest from July 3, 1899, then due, to advance at least $20,000 more, and to pay the taxes assessed upon the land conveyed, and agrees to reconvey the property to the grantors when they refund the amount advanced by the grantee, with interest and costs.  It is a pledge of the land described in the agreement, by the grantor to the grantee, and is to revert to the grantor on the discharge of the obligation for the performance of which it is pledged.

Hence it is a mortgage : Lance's Appeal, 112 Pa. 456 ; Moran v. Munhall, 204 Pa. 242.

The paper of February 3, 1902, contains conditions upon the performance of which the estate created would have been defeated or totally undone, and prior to the act of June 8, 1881, would have reduced the deed of December 30, 1901, to a mortgage. But it was not recorded within sixty days of its execution, hence it runs into the very jaws of the Act of June 8, 1881, P. L. 84, which provides : " That no defeasance to any deed for real estate regular and absolute on its face, made after the passage of this act, shall have the effect of reducing it to a mortgage, unless the said defeasance . . . . is recorded . . . . within sixty days from the execution thereof."

The law is well settled that since the act of June 8, 1881, a written defeasance signed by the grantee, but unacknowledged and unrecorded, will not be admitted to convert such deed into a mortgage : Sankey v. Hawley, 118 Pa. 30 ; Molly v. Ulrich, 133 Pa. 41 ; Grove v. Kase, 195 Pa. 325 ; Crotzer v. Bittenbender, 199 Pa. 504 ; Lohrer v. Russell, 207 Pa. 105.

The question was forever set at rest by the decision of the Supreme Court in Sankey v. Hawley, 118 Pa. 30, that court saying in words that cannot be misunderstood : " There is now but one method left by which a deed absolute can be reduced to a mortgage, and that method in this case has not been pursued. . . . If we give effect to this act, an act in no wise ambiguous, it is certain the defeasance offered on part of the defense was properly rejected."

Feeling constrained by these authorities to reject the defeasance of February 3, 1903, the defense falls with it.

The defendants further contend that their case falls within the rulings of Goodwin v. McMinn, 193 Pa. 646, and is controlled by it. But that case is clearly distinguishable from the one before us. There the allegation of the grantor was that the deed was procured by fraud and that fraudulent use was being made of the conveyance. It is stated clearly in the opinion of the court : " He did not set up an agreement as a defeasance to the deed, and which had the effect of changing its absolute character into a conditional one, for the security of a debt or a contingent future liability."

There is no allegation in the answer, or proof offered to

show fraud on the part of the grantee.  The plaintiff offers a deed absolute on its face.  The defendant offers to show a defeasance not recorded as required by the act of 1881, which we are required by the provisions of that act, and the authorities under it, to reject and thereby the defense falls.

And now, April 7, 1905, let a decree be drawn for the partition of the land described in the bill and the appointment of a master to make partition thereof.

*Error assigned* was the decree of the court.

*R. A. McCullough*, with him *H. A. Heilman*, for appellants.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, with him *James H. McCain* and *W. J. Christy*, for appellee.

PER CURIAM, October 30, 1905 :
This judgment is affirmed on the opinion of the court below.