commission, or otherwise, is not once referred to. From the interview, at which representatives of the different companies interested in the sale were present, including a representative of the defendant company, when the amount of the bid to the traction company was being considered, nothing can be derived which lends support to the plaintiffs' contention; nothing there said by the representative of the defendant company can be construed as an admission of defendant's liability for any compensation. On the contrary, the reply to plaintiffs' proposal to lower their bid to the traction company, by reducing their own margin, instead of recognizing a liability on the defendant for the commissions, clearly indicates that in his understanding it was a matter about which his company had no concern whatever. It is unnecessary to go further into the case. We have made sufficient reference to the evidence on which plaintiff relied for a recovery to show the correctness of the court's ruling. The nonsuit having been properly directed, there was no error in refusing to remove it.

Judgment affirmed.

---

## Stewart, Appellant, *v.* Stewart.

*Deed—Defeasance—Mortgage—Act of June 8, 1881, P. L. 84—Evidence.*

A bill in equity to declare the cancellation of a deed is properly dismissed on a demurrer where the bill, without any allegations of fraud, merely avers that at or immediately after the execution of the deed, the defendant executed in writing a paper in which he acknowledged that the absolute conveyance was to secure a loan, and agreed on the repayment of the loan to reconvey the real estate, and that plaintiff was induced to execute the deed by a verbal agreement on part of the defendants not to place it upon record, which agreement they had violated by recording the deed.

Argued Jan. 5, 1911. Appeal, No. 188, Jan. T., 1910, by plaintiff, from decree of C. P. No. 3, Phila. Co., June Term, 1909, No. 2,185, dismissing bill in equity in case of

David Stewart v. William L. Stewart and Ruth Bitting Stewart. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to declare the cancellation of a deed.

The bill averred that the plaintiff was the owner of two properties situate at the corner of Thirteenth and Hamilton streets in the city of Philadelphia. The bill further averred: that on November 21, 1908, the plaintiff borrowed from his son, the defendant, William L. Stewart, the sum of $12,500 and in consideration thereof and at the request of his son, executed to his son, an absolute conveyance of the two properties and that at or immediately after the execution of this deed upon the demand of the plaintiff, the defendant, William L. Stewart, executed in writing a paper which he signed, in which paper he acknowledged that the absolute conveyance to him was to secure him in his loan of $12,500 and that by this paper the defendant agreed on the repayment of the loan to reconvey all of the property.

It was further set forth that the plaintiff was induced to execute the conveyance to his son because of the positive agreement made verbally by his said son that he would not place the conveyance upon record, but the defendant recorded the deed on December 31, 1908, and that the agreement executed by the defendant, William L. Stewart, was given by the plaintiff to his wife, for safe keeping and that this paper was put by his wife into a tin box rented by her from a trust company; that without his knowledge or consent his son got from his wife the agreement, and the paper is now in the hands of the defendant.

It was also alleged that the defendant procured the conveyance of the properties and subsequently procured the defeasance for the purpose of making it appear of record that he is the absolute owner of the property conveyed to him for the purpose of cheating and defrauding the plaintiff.

Defendants demurred to the bill.

The court sustained the demurrer and dismissed the bill. FERGUSON, J., filing the following opinion:

This is a demurrer to a bill in equity. In brief the allegation of the bill is that the plaintiff, on November 21, 1908, borrowed from his son, the defendant, William L. Stewart, the sum of $12,500, and in consideration thereof executed to the defendant an absolute conveyance of certain real estate; that at or immediately after the execution of the deed, the defendant executed in writing a paper in which he acknowledged that the absolute conveyance was to secure him in his aforesaid loan of $12,500 and agreed, on the repayment of the loan, to reconvey the said real estate; and that the plaintiff was induced to execute the aforesaid conveyance by a verbal agreement on the part of the defendants not to place the conveyance upon record, which agreement they violated by the recording of the deed.

We are of opinion the bill cannot be sustained. The Act of June 8, 1881, P. L. 84 provides: "No defeasance to any deed for real estate regular and absolute upon its face, made after the passage of this Act, shall have the effect of reducing it to a mortgage, unless the said defeasance is made at the time the deed is made and is in writing, signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor, and is recorded in the office for the recording of deeds and mortgages in the county where the said lands are situated, within sixty days from the execution thereof; and such defeasances shall be recorded and indexed as mortgages by the recorder." The requirements of the Act are plain, and the Supreme Court has repeatedly said in effect that its terms do not need interpretation. See Sankey v. Hawley, 118 Pa. 30; Molly v. Ulrich, 133 Pa. 41; Crotzer v. Bittenbender, 199 Pa. 504. Unless, therefore, the plaintiff by his allegations of fact shows that the requirements of the Act of 1881 have been fulfilled, his bill cannot be sustained. The bill alleges that the defeasance was in writing, and although it does not expressly so aver, it may be that a liberal construction of the lan-

guage of the averment would justify a conclusion that the defeasance was signed by the defendant, but there is no averment that it was sealed or acknowledged in the sense that it was acknowledged before a person authorized by law to take acknowledgments of instruments in writing, neither is there an averment that it was recorded within sixty days after the execution thereof. There is an averment that the alleged defeasance, whatever its form, was given by the plaintiff to his own wife, who permitted it to get into the hands of the defendant, and while this averment might justify a conclusion of fraudulent dealing, the bill is absolutely wanting in averments as to the time when any of the facts averred occurred. If they occurred after sixty days from the date of the execution of the defeasances, it could not avail the plaintiff, because the requirement of the act as to sealing, acknowledging and recording would make the paper ineffectual were there a decree awarding its delivery.

It is suggested that when fraud is alleged, the provisions of the act of 1881 are not operative, but there are no allegations of fraud in this bill. In paragraph 6 it is alleged that the acts complained of were for the purpose of cheating and defrauding the plaintiff, but that is a mere conclusion without an averment of facts upon which it could be based, and, in addition, it may be said that it is a fraud, if one at all, which occurred after the deed was delivered. The only fraud which could avail the plaintiff would be one which was perpetrated at the time of the execution and delivery of the deed. The only other averment which bears upon the subject of fraud is the averment in paragraph 3 which is to the effect that the deed was executed upon the agreement by the defendant that he would not place the same upon record. We do not think that this can be held to be a legal fraud. If the deed was delivered as set out in paragraph 1, and was upon its face an absolute conveyance, its purpose was to secure the loan, and a mere promise not to record is not a fraud. The recording of a deed is merely a formality for the purpose of ren-

dering permanent and giving notice to the world that which has been previously consummated by the parties. The delivery of the deed was the effectual act, and we cannot find anything in the averment of the promise not to record which would justify our holding it to be such a fraud as would avoid the act of 1881. If there was fraud in the obtaining of possession of the defeasance, the bill is lacking in the necessary averments. As above stated, no dates are given. Neither is there a copy of the defeasance set out nor explanation given of its absence, and no steps appear to have been taken by rule or otherwise to obtain a copy for the purpose of pleading. The acts complained of in the amendments to the bill are acts which are well within the province of an owner of the real estate to make.

There remains to be considered the question whether or not the provisions of the Act of April 23, 1909, P. L. 137, apply to this case. In our opinion, that act, which contains no clause indicating an intention that it shall be retroactive in its effect, cannot apply to affect a deed which was executed five months before its passage.

The demurrer is sustained, and the bill dismissed.

*Error assigned* was decree dismissing the bill.

*James W. M. Newlin,* with him *Harry Cessna,* for appellant.

*Thomas James Meagher,* for appellees.

PER CURIAM, February 27, 1911:

The decree is affirmed on the opinion of the court of common pleas.