## Uhlman *v.* Sullivan, Appellant.

*Contracts—Construction—Agreement of sale—Option to purchase—Breach.*

An instrument signed and sealed by plaintiff and defendant provided that the plaintiff should sell certain hotel furnishings and stock of liquors to the defendant. The instrument stipulated for the payment of hand money and for further payments at designated times, provided that the stock of liquor should be appraised by persons mutually to be agreed upon, and that plaintiff and defendant would both use their efforts to have the liquor license transferred to defendant, and recited that the parties "do bind themselves, their heirs, executors, and administrators each to the other, his heirs, executors and administrators," but contained no express promise by the defendant to pay the consideration. After

the license had been transferred on petition, the defendant refused to complete the purchase and the plaintiff sold to a third party and brought this suit on the instrument for the difference between the price therein named, and the price for which the property was sold. Defendant contended that the instrument was an option to purchase, not a contract. *Held,* the instrument was a contract and a verdict and judgment for the plaintiff should be sustained.

Argued Oct. 10, 1913. Appeal, No. 213, Oct. T., 1913, by defendant, from judgment of C. P. Westmoreland Co., May T., 1911, No. 716, on verdict for plaintiff in case of John Uhlman v. E. J. Sullivan. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a contract under seal. Before DOTY, P. J.

The contract was as follows:

Articles of Agreement, made and concluded this 15th day of March, A. D. 1911, between John Uhlman, of Pricedale, County of Westmoreland and State of Pennsylvania, party of the first part, and J. E. Sullivan, of Irwin, County and State aforesaid, party of the second part, as follows:

That John Uhlman, said party of the first part, agrees to sell to E. J. Sullivan, said party of the second part, all the hotel furnishings, consisting of beds, bedding, chairs, dressers, carpets, kitchen utensils, dishes, tables, and stock of liquors to the amount of Five Hundred ($500.00) Dollars, and all other furnishings that are in said hotel, reserving, however, the furnishings in ......rooms and personal effects of the said John Uhlman and his family, an itemized list of said furnishings that are included in said sale are attached hereto, and made a part of this agreement, for the total consideration of Twelve Thousand Five Hundred ($12,500.00) Dollars, Five Hundred ($500.00) Dollars to be paid on the signing of this agreement, and the balance of Twelve

Thousand ($12,000.00) Dollars to be paid on the transfer of said license of said hotel, which is situate in Pricedale, Rostraver Township, Westmoreland County, Pennsylvania, and known as the Pricedale Hotel.

It is further agreed at the time the transfer is made there is to be five hundred ($500.00) dollars worth of liquors, at wholesale price, in said hotel, and if the party of the first part fails to have that amount, he is to give the party of the second part credit on the amount of the purchase price. And if the party of the first part has over and above five hundred ($500.00) dollars' worth of liquors, the party of the second part is to pay the difference over and above the purchase price.

It is further agreed that if said transfer is made, said party of the first part is to select one man, the party of the second part one man, and the two thus chosen are to select the third party, and the said three men are to go over said stock of liquors and appraise same at wholesale prices, said appraisement to be final to all parties concerned.

It is further agreed that both parties are to use their best efforts to have said transfer made at the regular term of License Court, 1911, in said county, or as soon thereafter as the court sees fit. And it is further agreed that if the party of the second part fails to use his best efforts for the said transfer, he shall forfeit the five hundred ($500.00) dollars, paid, and in case said transfer is not made after all parties have fulfilled their part of this agreement, said party of the first part is to return the said five hundred ($500.00) dollars to the said party of the second part.

It is also further agreed that if said transfer is made, the said party of the first part is to furnish an indemnified bond to the amount of three thousand dollars to the said party of the second part as a guarantee that the premises sold are clear from all indebtedness.

And now for the true and faithful performance of the

several agreements aforesaid, the parties aforesaid do bind themselves, their heirs, executors and administrators each to the other, his executors and administrators.

In witness whereof the said parties have hereunto set their hands and seals the day and year first above written.

JOHN UHLMAN,    (Seal).

E. J. SULLIVAN.    (Seal).

Witness:

    HENRY LEWIS.

    A. N. SHUSTER.


Verdict for plaintiff for $4,500 and judgment thereon. On motion for judgment non obstante veredicto, DOTY, P. J., filed the following opinion:

The case at this stage involves one question only. It is conceded by counsel for defendant that, if the paper sued on be construed as an agreement on his part to purchase, there is no other reason for granting a new trial or for judgment non obstante veredicto.

The paper has all the ear marks of a contract and none of the characteristics of an option. It begins and ends in about the usual way; it recites that the agreement was made and concluded 15th March, 1911; it binds the parties thereto, their heirs, executors and administrators; it provides distinctly what each party shall do in order to carry out the contract; it contains no intimation that a mere offer is made to the defendant; it provides for the payment of hand money and the balance on the transfer of the license by the court; it stipulates that the parties are to use their best efforts to have said transfer made and the instrument is signed and sealed by both parties. There is no uncertainty about the transferee of the license. That transfer, if made, is to be to E. J. Sullivan, the defendant. The balance of the purchase money is to be paid when the license is transferred. And it seems to necessarily follow that the

payment of such balance was agreed to be paid by the defendant.

It is not necessary for the promise to pay to be expressly set forth. The contract is to be construed as a whole. Thus we find in 2 Page on Contracts, Sec. 1118: "Terms which can be inferred from a consideration of the entire instrument are as much a part of the contract as if expressly set forth therein...... Although the promise relied upon, as a consideration may not be expressly stated in any clause of the contract, still if it appears from the entire contract that such promise is intended, it will be as binding and as much a valuable consideration as though it were expressly stated. Thus a promise to pay for realty agreed to be conveyed, or to permit the use of certain realty may be implied from the entire contract." The principle will be found enforced in Lawler v. Murphy, 20 Atl. Repr. 457.

The whole contention of the defendant is based on the fact that he does not in the agreement distinctly promise to pay. But such promise is necessarily implied and having entered into the agreement he is in good faith bound by its terms.

That the instrument has none of the characteristics of an option is evident if we follow McMillan v. Philadelphia Company, 159 Pa. 142, wherein it is said in the opinion that:

"The distinction between an option and a contract of sale or lease is broad and plain. An option is an unaccepted offer. It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limited. If the holder does so elect he must give notice to the other party, and the accepted offer thereupon becomes a valid and binding contract. If an acceptance is not made within the time fixed the owner is no longer bound by his offer and the option is at an end. A contract of sale or lease fixes definitely the relative rights

and obligations of both parties at the time of its execution. The offer and the acceptance are concurrent, since the minds of the contracting parties meet in the terms of the agreement."

The contention that the instrument sued on is a mere option and not a contract of sale seems to be an after thought and an excuse for non-compliance with its terms. The defendant prior to suit regarded and treated the instrument as a contract of sale; he paid five hundred dollars on account of the purchase money; he filed a petition in court for a transfer; he likewise filed an affidavit setting forth, inter alia, that he had purchased the lease, furniture, fixtures, etc., in the Pricedale House from John Uhlman subject to the transfer of the license. The license was transferred. The plaintiff, it seems, did all the contract obligated him to do. The defendant complied in every respect with the terms of the contract until after he had secured a transfer of the license. Even then he made a move to take possession, but refused when he ascertained that a third license had been granted in the village of Pricedale. He made no complaint of failure on part of the plaintiff and his only grievance was that the court granted a third license, which action did not meet with his approval.

If the instrument is an option, when was the offer to be accepted or declined? There is no intimation in the paper itself as to the time of acceptance. Even if an option, it would appear too late to decline after the transfer of the license and after such silence had put the plaintiff to inconvenience and expense. Some incidental questions might be worthy of consideration but without serving any good purpose as counsel for defendant frankly admit that if the instrument sued on is not an option there is nothing else to complain of in the trial of the case.

The court denied the motion. Defendant appealed.

*Errors assigned* were various instructions to the jury,

the refusal of the court to direct a verdict for defendant, and to enter judgment for defendant non obstante veredicto.

*John P. Pinkerton,* with him *John B. Keenan,* for appellant.

*Edward E. Robbins* and *Adam M. Wyant* submitted a paper book for appellee.

PER CURIAM, November 7, 1913:

The only question for determination on this appeal is whether the written agreement, which is the basis of appellee's claim, was a contract of sale or a mere option. It was clearly the former. The learned trial judge correctly so construed it, and the judgment for the plaintiff is affirmed on the opinion denying judgment for the defendant non obstante veredicto.