# Rhodes, Appellant, *v.* Good.

*Trusts and trustees—Land held to secure debt—Resulting trust— Fraud—Evidence—Defeasance—Option to purchase—Time essence of option—Laches—Acts of April 22, 1856, and June 8, 1881.*

1. Where a creditor takes title to the land of his debtor, pays all the debts of the latter, and agrees, in a writing executed in

1908, but not acknowledged or recorded, to reconvey the land upon payment of his advances, debts, costs and interest, and the debtor dies without having redeemed the land, the widow of the latter, with full knowledge of the facts, cannot, ten years after her husband's death, compel a reconveyance. She is barred by her own laches and by the Act of April 22, 1856, P. L. 533.

2. If the agreement be treated as a defeasance to the deed, it was void under the Act of June 8, 1881, P. L. 84, and is not affected by the Act of April 23, 1909, P. L. 137.

3. If the agreement should be treated as an option to repurchase, it expired by its own limitations, and, besides, was not accepted; time is the essence of an option.

4. In such case, if the grantee, on a bill against him for reconveyance, offers in his answer a recovery on reimbursement, but denies all the averments of the bill, and his own liability, and the offer is not accepted and the chancellor finds the facts in his favor, a decree, dismissing the bill, will be sustained.

Argued April 20, 1921. Appeal, No. 452, Jan. T., 1921, by plaintiff, from decree of C. P. Blair Co., No. 916, Equity Docket "F," dismissing bill in equity, in case of Fannie V. Rhodes v. W. H. Good. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for conveyance of land. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was decree, quoting it.

*Thos. H. Greevy* and *George B. Johnson,* for appellant. —Time becomes indefinite when once waived: Burchfield v. Alphia Process Co., 45 Pa. Superior Ct. 254; Wright v. Bristol Leather Co., 257 Pa. 556.

On admission of facts showing duty to account, an account will be ordered, although indebtedness is denied: Koons v. Bute, 2 Phila. 170; Hengst's App., 24 Pa. 413; Bradly v. Jennings, 201 Pa. 473; Collyer v. Collyer, 38 Pa. 257; Spering's App., 60 Pa. 199; Moran v. Munhall,

204 Pa. 242; Christy v. Brien, 2 Harris 248; Houser v. Lamont, 55 Pa. 311.

Defendant's answer is an acknowledgment that the original agreement was still in force and that he had waived his right to declare a forfeiture: Barnes v. Rea, 219 Pa. 279.

*Thomas C. Hare,* for appellee.—The action is barred by the statute of limitations: Silliman v. Haas, 151 Pa. 52; Chulek v. Ins. Co., 30 Pa. Superior Ct. 435.

The agreement of June 17, 1908, is a defeasance and not a declaration of trust: O'Donnell v. Vandersaal, 213 Pa. 551; Safe Dep. & T. Guaranty Co. v. Linton, 213 Pa. 105; Stewart v. Stewart, 230 Pa. 475.

The agreement is not an option: Swank v. Fretts, 209 Pa. 625; McMillan v. Phila. Co., 159 Pa. 142; Neill v. Hitchman, 201 Pa. 207; Meason v. Kaine, 63 Pa. 335; Greenlee v. Greenlee, 22 Pa. 225; Gratz v. Gratz, 4 Rawle 411.

Time was not waived: Barnes v. Rea, 219 Pa. 287; Zeigler v. Houtz, 1 W. & S. 533; Bodine v. Glading, 21 Pa. 50; Washabaugh v. Stauffer, 81* Pa. 497.

OPINION BY MR. JUSTICE WALLING, July 1, 1921:

In June, 1908, the land of Clarence H. Rhodes, in Altoona, was about to be sold by the sheriff to satisfy a first and second mortgage thereon, amounting to about $4,400. There were also judgments against this land and other land of Rhodes in Blair County; so the entire liens against his property exceeded $7,000, which included a judgment of $2,000 in favor of W. H. Good, the defendant. To protect the latter and prevent a sheriff's sale, on June 17, 1908, Rhodes and wife conveyed all his lands in Blair County to Good, who accepted the same and paid all the liens thereon. Cotemporaneous with the deed they entered into the following agreement: "Article of agreement made and concluded this seventeenth day of June, 1908, by and between W. H. Good and C. H.

Rhodes, Witnesseth: Whereas the said C. H. Rhodes has this day conveyed to said W. H. Good, all his property in Altoona, Blair County, and in Blair Township. And whereas the aforesaid conveyance was made to prevent sale of said property by the sheriff, and said W. H. Good was obliged to purchase the same to save his claim against the said properties. It is understood that the said C. H. Rhodes is hereby given until the first day of March, 1909, to redeem the said properties, said redemption to be by paying the said W. H. Good in full of all claims, including his judgment, the money paid to stop the Sheriff sale, Eight Hundred and Ninety-eight and Eighty-three One-Hundredths ($898.83) Dollars, and all other monies which may be required to be paid by the said W. H. Good, by reason of the purchase of said property. Also interest at the rate of Six (6) per cent. thereon and all reasonable costs and expenses incurred by the said W. H. Good in relation to said purchase. All rents to be paid to the said W. H. Good during the time of this redemption period. Witness our hands and seals the day and date aforesaid. W. H. Good [Seal], Clarence H. Rhodes [Seal]."

This agreement was neither acknowledged nor recorded. Rhodes failed to redeem the lands and died in December, 1909. Thereafter, in November, 1910, defendant wrote plaintiff, who was the widow of Rhodes, granting her until January 1, 1911, in which to redeem the property, but she took no steps in that direction. Until his death Rhodes collected the rents and turned them over to Good, and thereafter the latter took charge of the property and collected the rents. The children of Rhodes conveyed their interest in the lands to plaintiff, but she made no claim thereto until the filing of this bill for an accounting and reconveyance, in 1919. Therein she alleges that defendant obtained the deed from her husband fraudulently and when he was intoxicated and that she was coerced into executing the same; and that, by reason of the fraud, Good held the lands as trustee ex

maleficio. Defendant's answer denies the allegations of fraud and the existence of any trust, but expresses a willingness to reconvey the lands upon being reimbursed. Plaintiff filed a replication and evidence was submitted to the chancellor, who found all the disputed facts in favor of defendant and dismissed the bill; from which plaintiff brought this appeal.

There is no merit in appellant's contention. The chancellor properly finds from the evidence there was no fraud and, hence, no resulting trust. He also properly finds that, as plaintiff knew all the facts as far back as 1910, had there been such a trust her right would be barred at the expiration of five years, under section 6 of the Act of April 22, 1856, P. L. 533 (Stewart's Purdon, vol. 4, p. 4848).

Treating the above-quoted agreement as a defeasance to the deed, it was void under the Act of June 8, 1881, P. L. 84, for it was neither acknowledged nor recorded: Safe Dep. & T. Guaranty Co. v. Linton, 213 Pa. 105. As this, so-called, defeasance was executed in 1908, it is not affected by the Act of April 23, 1909, P. L. 137, avoiding unrecorded defeasances thereafter made only as to subsequent grantees and mortgagees: Stewart v. Stewart, 230 Pa. 475, 479.

Treating the agreement as an option to repurchase, it expired by its own limitation, as did the renewed option given plaintiff; and time is the essence of an option: Swank v. Fretts, 209 Pa. 625; McMillan v. Phila. Company, 159 Pa. 142; Bodine v. Glading, 21 Pa. 50. Moreover, neither Rhodes nor his widow ever accepted the option, if it was such, and any right they might have had to repurchase was lost not only by expiration of the options but by laches: Rennyson v. Rozell, 106 Pa. 407; Washabaugh v. Stauffer, 81½ Pa. 497.

The offer in defendant's answer to reconvey the property upon being reimbursed is accompanied by a denial of all material averments of the bill and of any liability and admits no fact entitling plaintiff to the relief prayed

for. Aside from that, the offer was gratuitous and never accepted by plaintiff.

The decree is affirmed and appeal dismissed at the costs of appellant.