## Wand, Appellant, *v.* Blum.

Argued November 30, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edmund J. Bodziak,* with him *Percival H. Granger,* of *Reber, Granger & Montgomery,* for appellant.

*Milford J. Meyer* and *Loewenstein & Winokur,* for appellee, were not heard.

PER CURIAM, January 3, 1933:

Plaintiff sued in assumpsit to recover the sum of $10,000 with interest alleged to be due upon a contract for the purchase of 50 shares of common stock in Craftex Mills, Inc., of which company defendant was president and majority stockholder. The court below sustained defendant's affidavit of defense in lieu of demurrer and entered judgment thereon for defendant. Plaintiff appealed.

Previous to entering suit plaintiff had been an officer in Craftex Mills, Inc., and purchased the stock in question from defendant under a written agreement dated December 23, 1924. This agreement set out in detail the terms of payment and provided in the last paragraph as follows: "It is understood and agreed upon by the parties mentioned that should Mr. Wand, at any time, leave the employ of the Craftex Mills, Inc., of Philadelphia, Pennsylvania, he agrees to re-sell the said fifty shares of common stock to Mr. Blum at the price paid for same." The sole question for our consideration is whether the clause of the agreement referred to places an obligation upon defendant to repurchase the stock. It is clear that it does not and that the paragraph in question was merely an option for defendant's benefit.

At the argument it was stated that the question of an acceptance of the stock by defendant (so as to take the case out of section 4 of the Sales Act) had been abandoned and the point will accordingly not be considered here.

The paragraph of the agreement upon which appellant relies creates no obligation on defendant's part to buy. Such provision in a contract is uniformly considered to be no more than an option to repurchase unless from the context a different result was clearly intended by the parties, as in Uhlman v. Sullivan, 242 Pa. 436. In Reitz's App., 64 Pa. 162, a provision in a contract of sale that defendant "should have the right to purchase back the said property," was held to be a mere option. In

Lindsay's Est., 210 Pa. 224, all the stockholders of a corporation agreed with each other that in case any one or more of them should desire to sell his stock in the company and retire from the business or in the event of the death of a stockholder, the stockholders who remained in the business should have "the option to purchase and acquire the whole of the stock interest of such party." This agreement was held to create an option. See also Garrett v. Phila. Lawn Mower Co., 39 Pa. Superior Ct. 78.

We are not in accord with appellant's contention that the clause "he (plaintiff) agrees to resell" imposes a reciprocal obligation upon defendant to buy. In Barton v. Thaw, 246 Pa. 348, the phrase "agree to sell" was construed to give rise merely to an option. Likewise in Swank v. Fretts, 209 Pa. 625, no obligation to purchase existed where the language was "the party of the first part agrees to sell." See also Berwind v. Williams, 172 Pa. 1, 14, where the court said: "The agreement gave him an option to buy, nothing more, for there was no obligation on his part to do so."

The judgment of the court below is affirmed.