Dearden, Appellant, *v.* Dearden et al.

226

Argued May 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Webster Jones,* with him *Harvey Geiger,* for appellant.

*Bronte Greenwood* and *Frederick A. Van Denbergh, Jr.,* with them *Anderson Page* and *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, September 27, 1948:

United States Review Publishing Co., Inc., is a Delaware corporation engaged in preparation and distribution of publications relating to the insurance business. Prior to February 28, 1934, there were issued and outstanding 500 shares of common capital stock, 250 of which were held by Robert R. Dearden, Jr., the remaining 250 held by his brother, Edward C. Dearden. Robert R. Dearden, Jr., died September 21, 1938, survived by two sons, John E. Dearden, appellant, and Robert R. Dearden, 3rd, additional appellee. Edward C. Dearden, Jr., the son of Edward C. Dearden, died January 28, 1945. John E. Dearden, appellant, filed his bill in equity

to compel Edward C. Dearden, appellee, to specifically perform a contract entered into between Edward, Robert, Jr., and the United States Review Publishing Company, Inc., wherein Edward agreed, *inter alia,* that "within sixty (60) days after the death of the said Edward C. Dearden, Jr., . . . the said Edward C. Dearden . . . . must offer to sell" stock in the United States Review Publishing Company, Inc., to Robert R. Dearden, 3rd, additional appellee, and to appellant. Robert R. Dearden, 3rd, was named a defendant for the reason that he refused to join as a plaintiff in the action against Edward C. Dearden. After a hearing, the chancellor entered a decree *nisi* dismissing the bill. This appeal is from the decree of the court *en banc* dismissing exceptions to the adjudication and entering a final decree.

Robert R. Dearden, Jr., Edward C. Dearden, and United States Review Publishing Company, Inc., on February 28, 1934, entered into an agreement whereby Edward transferred to Robert 83⅓ shares of his holdings and there was issued to him by the corporation a certificate of 166⅔ shares in the joint names of Edward C. Dearden and Edward C. Dearden, Jr. Edward, Jr., was given a right to become actively identified with the business prior to January 1, 1940, upon certain stipulated terms. It was provided that if Edward, Jr., should die or not become identified with the company prior to January 1, 1940, then within 60 days after his death the joint holders of the 166⅔ shares, or Edward, if he should survive his son, "must offer to sell the entire said stockholdings in the United States Review Publishing Company to Robert R. Dearden, Jr., or to his sons, Robert R. Dearden, 3rd, and John E. Dearden if he should die, who agree to purchase the said holdings for Fifteen thousand Dollars ($15,000.00). . . ." Paragraph 11 provided "in the event of the death of Edward C. Dearden, Jr., after his becoming identified with the business . . . the agreement covering the purchase of the stock, referred to in

Paragraph 10 hereof, shall apply to and. be carried out, as is therein provided."

Edward, Jr., on August 1, 1940;. elected to. become actively identified with the business and so. continued until his death on January 28, 1945. On May 6, 1947, appellant filed this bill in equity. Answers were filed admitting most of the allegations but asserting that there was no liability. The hearing was continued and the following day appellee Dearden moved to. amend his answer and to set forth new matter. Counsel for appellant orally stated his reply to same and alleged in substance that: (1) the purpose of the agreement had been accomplished and the contract was, therefore, no longer in force; (2) the provisions of the agreement constituted at most an option which must have been exercised by appellant within sixty days after the death of Edward, Jr., and (3) appellant was guilty of unclean hands.

The chancellor in his adjudication found as a fact that Edward C. Dearden did not affirmatively offer to sell the 166⅔ shares of stock in controversy to Robert R. Dearden, 3rd, and John E. Dearden within 60 days after the death of Edward, Jr.; that Robert R. Dearden, 3rd, and John E. Dearden did not, either jointly or individually, offer to purchase said stock within 60 days after the death of Edward, Jr., and that the right, if any, to purchase the stock terminated 60 days after his death. He concluded as a matter of law that appellant, not having complied with the conditions of the sale and purchase as provided by the agreement of February 28, 1934, had no rights, and entered a decree dismissing the bill.

Appellant contends, *inter alia,* that the language of Section 10 of the agreement providing that Edward C. Dearden "must offer to sell" imposed upon him an affirmative duty to offer the stock in question to appellant and Robert R. Dearden, 3rd, within sixty days after the death of Edward, Jr. Appellee contends that appellant and Robert were given an option which they were re-

quired to accept within sixty days after the death of Edward, Jr.

The correctness of the decree of the court below dismissing the bill is dependent upon a proper interpretation of Sections 10 and 11 of the agreement of 1934. Section 11 was intended to take effect only if Edward, Jr., associated himself with the business and subsequently died or withdrew from the business. Once these conditions precedent occurred "the agreement covering the purchase of the stock, referred to in Paragraph 10 hereof, shall apply to and be carried out, as is therein provided."

The agreement, while inexpertly drawn, clearly reveals the intention of the parties that the sixty-day period is to be the applicable time within which Edward C. Dearden "must offer to sell" the stock in controversy to Robert R. Dearden, 3rd, and John E. Dearden at an agreed purchase price of $15,000, the same to be paid at the rate of $2,000 per annum in equal quarterly installments without interest, except on overdue payments. This undertaking by Edward Dearden was clearly supported by consideration and effected an irrevocable offer for a period of 60 days after the death of Edward, Jr.; See Restatement, Contracts, Section 47; 12 Am. Jur., Contracts, Section 24. The agreement was self-executing and the conditions precedent having been fulfilled, Edward Dearden did, for a period of 60 days after the death of his son, offer to sell the stock in question. This option to purchase the stock, not having been accepted by the persons to whom it was given, expired at the end of the 60th day: *Rhodes v. Good*, 271 Pa. 117, 121, 114 A. 494. Any rights which appellant and Robert R. Dearden, 3rd, might have had prior thereto no longer existed.

Decree affirmed; all parties to pay their respective costs.