## Zents, to the use of Dale, *versus* Legnard.

1. The plea "covenants performed" with no "*absque hoc,*" to a declaration in covenant averring performance, admits plaintiff's performance.
2. A covenant was to convey upon payment of purchase-money, an offer of performance, without making or keeping up a tender of the money, was all that was required of the vendee, when the vendor refused to perform.

November — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Forest county* : No. 36, to October and November Term 1871.

This was an action of covenant, brought February 20th 1869, by Solomon Zents, to the use of J. G. Dale, against John B. Legnard.

The declaration alleged that by articles of agreement dated April 15th 1867, between Legnard and Zents, it was agreed that Legnard should, within 14 days, convey to Zents two-sixteenths of the working interest of well No. 2, &c., for which Zents agreed to pay $500 at the execution of the agreement (which was paid), and $300 in 14 days from its date, when Legnard was to convey the interest mentioned, "including tools, cable and all the fixtures, excepting the engine," &c.   The declaration averred that although Zents had always been ready to perform all things contained in the agreement by him to be performed, yet Legnard had not conveyed to him the interest mentioned in the agreement, but had refused and continued to refuse, &c.

The defendant pleaded " covenants performed."

The case was tried, September 30th 1870, before Campbell, P. J.

Dale, the use-plaintiff, testified that after the articles had been assigned to him, he handed $300, the last payment, to Legnard, who received it, but said he would not make a deed, as stated in the contract, because it had not been drawn "according to his talk with Zents."   Legnard handed the money back to Dale, who said it would be ready to pay when Legnard made the deed.

Plaintiff gave evidence that Legnard said, Zents had " not come up to time," and he was going to keep the money paid and the well too.

The defendant testified that he had sold the interest to Zents ; Dale paid him the balance due.   On looking over the article, he found Zents was to pay only for the engine; but the agreement had been that Zents was to pay his share of *all* the machinery. Legnard returned the money to Dale, and they agreed to leave determining the matter till Zents came back.   Before Zents came back, Legnard wanted the money, and asked Dale for it, but he said he had used it, and would not give it to him.

The defendant gave evidence of the tender of a deed to Dale,

[Zents *v.* Legnard.]

who refused to accept it, because it was not in accordance with the articles.

The plaintiff asked the court to charge:

1. That if they believe from the evidence that the defendant covenanted to sell to S. Zents, his heirs and assigns, any portion of the interest described in the article of agreement upon which suit in this case was instituted, and that J. G. Dale is the assignee of the plaintiff, and that performance or tender of performance was made by S. Zents, or his assignee, the plaintiff here, and performance was refused by the defendant, the plaintiff is entitled to recover.

2. That the measure of damages, in the event of a recovery by the plaintiff, is the value of the interest at the time of the plaintiff's tender of performance, and the defendant's refusal to convey under his article of agreement.

The court charged: " This is an action of covenant, and [the plaintiff must not only aver but ·show performance on his part. The plaintiff's *narr.* avers the payment of the $500 hand-money, and also general performance on his part, but does not aver that the $300 was tendered. But he does give evidence that this $300 was tendered, and accepted, and returned to the plaintiff, on the allegation that the contract has a clause about fixtures, not agreed upon by the parties; and if the evidence is believed it was agreed to refer the matter to S. Zents, and if he said the bargain was as the article showed, he, the defendant, would have to perform; but that $300 was returned to Dale to await the return of Zents, and it has never been made since, nor has it been kept up, and the money brought into court. Under this state of facts we instruct you that the plaintiff cannot recover.] By allowing the $300 to be defalked from plaintiff's damage, so as to enable him to recover, he must both aver and prove performance or willingness to perform, or that he was prevented by the act or agreement of defendant. This answers the plaintiff's first point in the negative.

" We also refuse to answer the 2d point as requested. The plaintiff seeking damage for breach of the covenants by defendant, and alleging performance by himself, can recover only such damages as he has shown, and not the whole value of the property.

" Before the charge was delivered to the jury the plaintiff's counsel offered to amend the *narr.* by averring an offer and readiness of the plaintiff to pay the defendant the $300, balance of purchase-money; but the court is of opinion that the evidence does not make out a tender, and that such amendment would not avail, and so instruct the jury."

The verdict was for the defendant, and a rule for a new trial granted. On the 29th of December 1870 the rule was discharged and the amendment to the declaration allowed.

20 P. F. Smith—13

[Zents *v.* Legnard.]

The plaintiff took out a writ of error, and assigned for error—
1, 2. The answers to his points.
3. The part of the charge in brackets.

*M. W. Tate, B. J. Reid* and *S. N. Pettis*, for plaintiff in error, as to 1st and 3d assignments cited, Williams *v.* Bentley, 3 Casey 294; Wagonblast *v.* McKean, 3 Grant 393; Rawson *v.* Johnson, 1 East 203; Robison *v.* Tyson, 10 Wright 286. The plea "covenants performed" admits plaintiff's performance: Wilkinson *v.* Turnpike Co., 6 Barr 398; Smith *v.* Frazier, 3 P. F. Smith 226; Rangler *v.* Morton, 4 Watts 265; Martin *v.* Hammon, 8 Barr 270.

There was no paper-book for defendant in error.

The opinion of the court was delivered, January 9th 1872, by
THOMPSON, C. J.—Undoubtedly it was error in the learned judge to charge that the plaintiff below was bound to make and keep up a *tender* of the unpaid purchase-money on the articles of agreement between the parties in order to entitle him to recover. The conveyance and payment of the purchase-money were to be contemporaneous acts, and an offer of performance by the plaintiff was all that was required of him in order to a recovery when the defendant refused to perform. This is so conclusively settled in Wagonblast *v.* McKean *et al.,* 2 Grant 393, and Williams *v.* Bentley, 3 Casey 294, that no more need be said on the point. The error is demonstrated by these cases without looking after others.

The plea of *covenants performed* was the only plea in the case. It seems to me this admitted the plaintiff's *narr.* Had the addition of *absque hoc* appeared, a different result would have followed, but no such addition does appear. The defence therefore rested not on failure of performance by plaintiff, but on performance by the defendant. This being the single issue, the question of performance as alleged in the *narr.* was admitted, and it was error to allow it to be controverted by the defendant so as to control the result.

We see no other error in the case; but for the above reasons the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.