# Peoples Street Ry. Co. *v.* Spencer, Appellant.

*Affidavit of defence law—Practice, C. P.*

Where all the facts appear in the writings set forth in the plaintiff's statement, and none of the papers which are merely referred to but not set out are essential to the cause of action, and the affidavit denies no part of the statement except the inferences from the face of the papers, the case is one for the court to decide upon the statement and affidavit.

*Option to purchase land—Interest in real estate.*

An option to purchase land is a substantial interest in the land which may be conveyed to a vendee.

*Lessee with option to purchase—Insurance money.*

A lessee of land who has an option to purchase the demised premises, has an equitable estate in the land, and when he exercises his option, he is to be considered as the owner ab initio.

Plaintiff conveyed land to defendant by deed, and received twenty thousand dollars, the consideration money mentioned therein. By a lease of the same date, defendant leased the premises to plaintiff for one year at a nominal rent, and in the lease gave an absolute and exclusive option to plaintiff to purchase the land at the end of the year for twenty thousand dollars, and interest. At the end of the term the arrangement was extended for another year. Plaintiff insured the buildings on the property for defendant's protection, the policy to be " payable to him as his interest may appear." Before the expiration of the second year, the buildings were burned. After the fire plaintiff exercised the option, received from defendant a deed and paid him twenty thousand dollars. Defendant claimed the insurance money. *Held* that, on the exercise of the option to redeem, plaintiff's equitable title reverted back to the date of the original agreement, and plaintiff became the owner of the land as it was at such date, or of the insurance money which stood pro tanto in its place.

Argued Feb. 20, 1893. Appeal, No. 117, July T., 1892, by defendant, A. D. Spencer, from order of C. P. Lackawanna Co., Sept. T., 1891, No. 22, making absolute rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for insurance money in dispute.

Plaintiff's statement averred :

" Plaintiffs borrowed of defendant on Nov. 18, 1889, the sum $20,000, and as security therefor gave their deed of the same date for lots 14 and 15, in block 37, on the town plot of Scran-

ton, on which was erected their street railway barn, the consideration of said deed being $20,000 ; on the same date plaintiffs received back from defendant an option to purchase within one year the said premises for the sum of $20,000, with interest thereon, from the date of said deed, which option was contained in a lease of said premises to plaintiffs. At the expiration of the first year plaintiffs paid the interest on the said loan of $20,000, to wit the sum of $1,200, and thereupon the loan was continued and the lease and option were renewed for another year."

The lease was quoted in full in the statement and contained the following clause :

" And said lessor, in consideration of the sum of one dollar to him in hand paid by said lessee, the receipt whereof is hereby acknowledged, hereby grants to said Peoples' Street Railway Company, its successors and assigns, the exclusive option to purchase said demised premises at the expiration of said term but not thereafter, for the sum of twenty thousand dollars and interest thereon from the date of this lease at the rate of six per cent per annum, and covenants and agrees, upon the tender and payment to him by the said Peoples' Street Railway Company, its successors or assigns, on or before November 20, 1891, but not thereafter, of said sum of $20,000, and interest as aforesaid, to convey the said premises to said lessee its successors or assigns in fee simple, free and clear from all incumbrances done or suffered by him or any one holding under him."

The statement further averred :

" Under said lease and option plaintiffs agreed to keep said premises insured for an amount not exceeding $12,000 ; plaintiffs did insure said premises for the sum of $12,000 and paid the premium therefor. Said insurance was upon the interest of plaintiffs in said premises in the following terms to wit: ' The Peoples' Street Railway Company as owners or lessees. $12,000. On their brick and frame ironclad building, including permanent fixtures, slate and metal roof, situate on the southerly side of Linden street, Scranton, Pa., occupied as car stable, repair shop, and office. The interest of the assured in the described building is the right of purchase from A. D. Spencer, owner, and in case of loss the insurance is payable to him as his interest may appear under said contract.'

" In case of loss the insurance was payable to said Spencer, as his interest might appear under said contract of purchase, which interest, the plaintiffs aver, was only to receive the $20,000 and interest thereon.

" On May 1st, the brick and frame building so insured took fire and burned down, and was a total loss, and the said insurance companies paid the amount of money adjusted as the proper amount of loss insured under said policy, under the following circumstances, to wit:

" Upon making proofs of loss it was required that both plaintiff and defendant should sign the proofs of loss."

After signing a portion of the proofs of loss, defendant refused to sign the remainder, whereupon an assignment in writing was entered into, quoted in plaintiff's statement, by which both parties agreed to sign the proofs of loss, and permit the money to be paid to a bank to await the determination of a suit at law to establish the ownership of the fund.

The statement further averred:

" Prior to the making of said agreement plaintiffs gave notice to defendant of their option to take said property and pay for the same according to the terms of said option, and thereupon did pay for the same and receive a deed therefor simultaneously with execution and delivery of the said above mentioned contract.

" In accordance with the agreement, the sum of $10,395 was deposited in the First National Bank of Scranton, there to remain till the right to the same shall be determined by this action at law. The plaintiff claims the ownership of said money is in plaintiff, and not in defendant, and therefore claims judgment in favor of the plaintiff and against the defendant, according to the terms of said agreement without costs. The costs in case of said judgment to be paid out of the fund in question."

The affidavit of defence averred:

" That the payment of the sum of twenty thousand dollars by the defendant to the plaintiff company on the 18th day of November, 1889, as set forth in the plaintiff's declaration, was not a loan of money by the defendant to the plaintiff, and was not so intended or understood, but was an absolute purchase of the piece of property described in the plaintiff's declaration,

accompanied with a lease for the term of one year, and an option of purchase during that year on the part of the plaintiff company.

" That the clause in the lease aforesaid requiring the insurance to be kept up by the lessee was for the greater security of the defendant, and was one of the conditions of the lease; and it was verbally understood and agreed that such insurance should be in the name of the defendant. And such insurance was in the name of the defendant for the first year, but at the end of that time, and without notice to the defendant, the plaintiff company altered the insurance, and caused it to be taken out in the manner described in the plaintiff's declaration, in fraud of the rights of the defendant.

" That the defendant had no knowledge of the recording of either the first lease or the second, and did not authorize or require it to be done. That neither of the two options of purchase were intended to convert the absolute deed given by the company to this defendant into a mortgage; nor was the second option dated at the time of the deed, nor recorded as required by law for a defeasance.

" That the property described by the plaintiff in her declaration was the property of the defendant, A. D. Spencer, and that the insurance thereon was legally due to this deponent, and no part thereof was or is the property of said plaintiff company."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was (2) entry of judgment for plaintiff.

*H. M. Hannah, H. W. Palmer* with him, for appellant, cited: Endlich on Affidavits of Defence, § 627; Hunter v. Reilly, 36 Pa. 511; Leibersperger v. Savings Bank, 30 Pa. 532; McPherson v. Bank, 96 Pa. 139; McKee v. Bidwell, 74 Pa. 218; Neslie v. Ry., 113 Pa. 303; Sankey v. Hawley, 118 Pa. 30; Williard v. Tayloe, 8 Wal. 557; Benj. Sales, 53; Faulkner v. Hebard, 26 Vt. 452; Longworth v. Mitchell, 26 Ohio, 334; Larman v. Jordan, 56 Ill. 204; Imperial Fire Ins. Co. v. Murray, 73 Pa. 27; Miltenberger v. Beacom, 9 Pa. 201; 12 A. & E. Enc. L. 1024.

*Alfred Hand, Jessups & Hand* and *William J. Hand* with him,

for appellee, cited: Kerr v. Day, 14 Pa. 116; Frick's Ap., 101 Pa. 489; Napier v. Darlington, 70 Pa. 67; May, Ins. 547; 2 Wood, Ins., 2d ed., p. 1073; Ins. Co. v. Updegraff, 21 Pa. 518; Foster v. Van Reed, 70 N. Y. 19; Miltenberger v. Beacom, 9 Pa. 198; Norcross v. Ins. Co., 17 Pa. 429; Reed v. Larkins, 44 Pa. 200; Hill v. Cumberland Val. Co., 59 Pa. 478; Farmers' Mutual Ins. Co. v. Graybill, 74 Pa. 17; Millville Mut. Ins. Co. v. Wilgers, 88 Pa. 110; Parcell v. Grosser, 109 Pa. 617; Amsinck v. Am. Ins Co., 129 Mass. 185; Ins. Co. v. Robinson, 5 W. N. 389.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

All the facts appear in the writings set forth in the plaintiff's statement. None of the papers which are merely referred to but not set out in full seem to be essential to the cause of action, and the omission to give them in full is not therefore fatal. The affidavit of defence raises no issue of fact, for it denies no part of the statement except the inferences from the face of the papers. The case was therefore one for the court to decide upon the statement and affidavit.

All the writings constitute parts of one transaction, and the nature of that, beyond question, was a conveyance of the land as security for the repayment of a loan of money. It starts with admitted title in the company appellee, then a conveyance to appellant for twenty thousand dollars, a cotemporaneous lease from appellant back to the company, at a nominal rent of one dollar, with no change of possession which remained all the time in the company, and an absolute and exclusive option in favor of the company to repurchase at the end of the year for the same amount, twenty thousand dollars, with interest, that is, to resume its original title on payment of the loan. At the end of the term the arrangement was extended or renewed for another year, during which the option was exercised by the company, the money paid, and the title reconveyed by the appellant. It is unimportant what name we apply to the relation of the parties during the year. Whether technically vendor and vendee, mortgagor and mortgagee, or lessor and lessee, is immaterial. The nature of the relation is incontestable; appellant was the holder of the legal title, subject to an equity in the company. It is strongly argued for appellant that his in-

terest at the time of the fire was an absolute fee simple title. But this is an error, it was not absolute. It was the legal title in fee, but subject to the equitable interest of the company, an interest in the land, capable of being specifically enforced, and good not only against the appellant but all others, creditors, purchasers or strangers, to whom the recorded deeds and the company's possession gave notice.

The only substantial question in the case is the date at which the company's equity became complete. The fire took place during the running of the term, the option to redeem was exercised after the fire had occurred. Did the company's interest begin to run only from the exercise of its option, or did it upon that event relate back for all purposes to the beginning of the transaction? We are of opinion that both principle and authority sustain the latter view.

As already said the transaction was in substance a loan of money, and appellant's right was to have his money back with interest at a specified time, or, in default of that, to have his title become absolute. The insurance was for his protection, not to increase his profit; to keep up the sufficiency of his security while the loan lasted, or make good the value of his purchase if it became absolute. For that reason it was to be kept up by the appellee. If the latter had exercised its option before the fire there could have been no question that the insurance money would have belonged to it. But the date of the fire makes no substantial difference, when, as was the case, the appellee elected to repay the loan and resumed its title. On the happening of that contingency the appellant got his money with interest, which was all he was entitled to, while the appellee got back its land, lessened in value by the fire, but the loss compensated by the insurance money. The insurance was, in contemplation of law, for the benefit of whomever should be entitled when the option was exercised or expired by default, and in fact it was contracted for " as interest may appear." It stood in place of so much of the property as was destroyed by the fire, and followed the title when the equitable and the legal interests united.

The authorities, so far as we have any analogous cases, lead to the same conclusion. It was held in Kerr v. Day, 14 Pa. 112, that an option to purchase is a substantial interest in land

which may be conveyed to a vendee, and the English chancery cases were reviewed by BELL, J., with the result that "when the lessee made his option to purchase, he was to be considered as the owner ab initio. Indeed the determination can only be supported by attributing to the lessee an equitable estate in the land, under his covenant for an optional purchase, which passed to his alienee, vesting him with the right to call for a specific execution on declaring his election." And in Frick's Appeal, 101 Pa. 485, where the land was sold upon a prior judgment before payment or conveyance, it was held that the surplus was the property of the optional vendee. It is true that the option in that case had been exercised before the levy and sale, but that circumstance was not of controlling weight, as the decision was put on the ground that "in equity the vendee became the owner subject to the payment of the price stipulated. His right of property therein *flows from the contract* and exists before any purchase money may have been paid," citing Siter's Appeal, 26 Pa. 178. We are of opinion that upon the exercise of its option to redeem, the appellee's equitable title reverted back to the date of the original agreement, and appellee became the owner of the land as it was at such date, or of the insurance money which stood pro tanto in its place.

Judgment affirmed.