## Martin et ux. *v.* Cybulski et ux., Appellants.

*Equity — Specific performance — Tender of deed and purchase money—Principal and agent—Hand-money—Implied agency.*

1. A final tender of deed and purchase money to a vendor under a contract of sale of real estate, is not necessary when the vendor has previously expressed an intention not to carry out the contract.

2. Where the vendors of real estate permit a person not formally employed to sell their land,—but who, knowing their desire to sell, has brought them into relation with the vendee,—to be present at the execution of the agreement of sale, and to take and retain the hand-money paid by the vendees, they cannot thereafter, without seeing that such money was returned, claim that no such payment was made to them as to satisfy the terms of the agreement.

3. In such case, the right of the person who took the money, to act for the vendors, may be implied.

Argued December 3, 1924.  Appeal, No. 135, Jan. T., 1925, by defendants, from decree of C. P. No. 3, Phila. Co., June T., 1923, No. 7561, for plaintiffs on bill in equity, in case of Albert F. Martin et ux. v. Joseph Cybulski et ux.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Bill for specific performance.  Before DAVIS, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiffs.  Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Frederick Beyer,* with him *Clinton A. Sowers,* for appellants.—A man cannot be agent for both buyer and seller: Campbell v. Penna. Life Ins. Co., 2 Wh. 55; Penna. R. R. Co. v. Flanigan, 112 Pa. 558; Rice v. Davis, 136 Pa. 439; Cannell v. Smith, 142 Pa. 31; Everhart v. Searle, 71 Pa. 256; Finch v. Conrade, 154 Pa. 326.

*Willis B. Heidinger,* for appellees.

OPINION BY MR. JUSTICE SADLER, January 5, 1925:

Joseph Cybulski and Tielie, his wife, owned a house and lot in the City of Philadelphia. It had been their desire to dispose of it for some time, and a sign indicating this had been placed upon the building. About a year prior to the transaction here involved, Hansberry, an occasional employee of a real estate agent, made inquiry concerning the property, and endeavored at that time to secure a purchaser for it. He advised the Martins, plaintiffs here, of the possibility of buying, and, on April 7, 1923, called at the home of the Cybulskies, made an examination of its condition, and secured information as to the amount asked therefor by the owners. Later, he brought Martin to the place, and, after some discussion concerning the consideration, drew up an agreement of sale, naming the price of $3,200, of which $100 was payable at the time of signing. This paper, after being read to the sellers, was executed by them and Martin, and subsequently taken to the residence of the latter, where the signature of his wife was also secured.

Plaintiff paid the hand money, placing the sum in currency on the table before the defendants. Hansberry, who claimed to be authorized to act for the latter, took possession of the cash, intending to hold it until the purchase was completed by the delivery of the deed. This conduct was assented to, at least tacitly, by the owners, and the deposit was turned over to Hansberry's employer. A check for this amount was sent within a few days by the latter to the vendors, but its acceptance was refused. A short time after the contract was entered into, Mrs. Cybulski called on Mrs. Martin, and told her she could have the money back, as they had changed their minds in reference to selling. The deposit made by the vendees was at no time returned to them.

June 29th was fixed by the purchaser for settlement, the Manayunk Trust Company being named as the meet-

ing place, and of this notice was given to the sellers by a registered letter, in which a copy of the settlement certificate was enclosed. This communication, though received at defendants' home, was returned unopened, and the proposed conference did not take place. On July 6th, within the ninety-day period fixed for the closing of the transaction, counsel for the vendees, accompanied by two others, called at the home of the vendors, and tendered the balance of the purchase money called for by the agreement, as well as a deed for execution. It is not clear that Mrs. Cybulski was present when this was done, but she had previously expressed her intention not to carry out the understanding, and no formal offer to her was required: Loughney v. Quigley, 279 Pa. 396; Shrut v. Huselton, 272 Pa. 113; Eberz v. Heisler, 12 Pa. Superior Ct. 388.

A bill was filed asking for specific performance of the contract. An answer was interposed, setting up in defense that the paper was signed at the instance of Hansberry, without knowledge of its contents and denying the payment of any hand money by the vendees, as required by its terms. At the hearing which followed, the testimony clearly showed the defendants were mistaken in their averments of fact. Admittedly, the contract was read to them before execution. It further appeared the vendors had changed their minds within a short time, and made an effort to repudiate the sale, thus indicating they were aware of the obligation which they had assumed. The tender of the balance of the purchase money, and of the deed for execution, at least so far as the husband was concerned, was clearly established.

Defendants seek now to evade liability on the ground, —not pressed below,—that Hansberry was not their agent, and therefore the delivery of the $100, of which he took control, did not constitute a payment to them so as to satisfy the terms of the agreement. As a result, it is insisted, they were left free to rescind the contract, as was attempted. It clearly appeared the vendees did

pay this sum at the time of signing, and that the money was manually taken into Hansberry's possession, with the consent of the vendors, as already noticed, and that this deposit was at no time returned to Martin. It is true that he had not been formally employed to sell, though stating he had been authorized to do so. He did know of the desire of the owners to dispose of their property, consulted with them concerning the terms demanded, and, through his efforts, the Martins were brought to the house, and the deal consummated. This is not a suit to recover commissions for services rendered, where the burden is upon the claimant to show his agency to dispose of the property, if pay is demanded. The only question for determination is whether Hansberry was authorized to take possession of the $100 on behalf of defendants. From the attending circumstances, the right to so act for the vendors may be implied: Bergner v. Bergner, 219 Pa. 113. At least the existence of the agency for this purpose was a matter for a jury (Birkle v. Coleman, 50 Pa. Superior Ct. 105; Park v. Ry. Co., 58 Pa. Superior Ct. 419), or a chancellor who, in proceedings of this character, finds the facts with like force, if there is evidence to support the conclusion reached. Though the court below makes no express finding as to agency, because the question was not there raised, it did find that $100 was paid by the plaintiffs at the time of the execution of the agreement. Hansberry was permitted by the vendors to take and hold the deposit which belonged to them, and, under the circumstances, they are to be charged with responsibility for this conduct. Though they were not bound to allow this sum to remain in his hands, yet they did so, and the vendees who, in good faith, paid what was required under the terms of their contract, are not to be charged with default because of the vendors' own act in permitting this to be done.

The facts essential to the entry of a decree for specific performance were found affirmatively by the court be-

low, and its conclusions, amply justified as they are by the evidence produced, are controlling here. The suggested errors, largely addressed to findings of fact, have been considered, as has the argument of the appellants, and the cases cited therein. We are convinced that a correct conclusion was reached, and that all the assignments should be overruled.

The decree is affirmed at the costs of the appellants.