Phillips et ux. *v.* Tetzner, Appellant.

Argued April 18, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edwin Hall, 2nd,* with him *Harry J. Alker, Jr.,* and *Lawrence A. Monroe,* for appellant.

*Stanley Jakubowski,* with him *I. Louis Rubin,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 26, 1947:

Defendant appeals from a decree for specific performance of a contract to sell real estate. Two questions are presented (1) was the option exercised within the period fixed by the contract? (2) did the failure of the plaintiffs to tender the consideration and demand a deed preclude them from the relief granted by the decree?

The findings of fact of the chancellor, approved by the court in banc, and based upon substantially undisputed testimony, are as follows: On, and prior to, July 1, 1940, defendant was in possession of the real estate as mortgagee. He contemplated acquiring legal title by foreclosure. This fact was within the plaintiffs' knowledge. On July 1, 1940, defendant, by written agreement, leased the premises to the plaintiffs for two years, commencing July 1, 1940, and terminating June 30, 1942. Plaintiffs entered into possession and have since continued in possession. The lease provided that "The lessor [defendant] grants to the lessees [plaintiffs] the option to purchase the premises hereby leased at any time during the term hereof for the sum of Three thousand dollars ($3,000) cash; settlement, however, to be made before the termination of the lease." On May 5, 1942 (prior to the expiration of the term of the lease) plaintiffs gave written notice to defendant that they exercised the option and that they would make settlement on or before the termination of the lease. On June 16, 1942, plaintiffs again requested defendant, in writing, to convey the premises to them in accordance with the option. On September 9, 1942, plaintiffs again requested defendant, in writing, to convey the premises to them under the option. On September 5, 1944, defendant acquired a legal fee simple title to the premises through foreclosure. On September 19, 1944 (two weeks after defendant acquired legal title to the premises by foreclosure) plaintiffs again made oral and written de-

mands on the defendant for the conveyance of the premises in accordance with the option. On October 2, 1944, an action was commenced in equity in the court below for specific performance. The chancellor specifically found that the plaintiffs, at all times, have been ready, willing and able to comply with the terms and conditions of the option, but that the defendant has refused, and still refuses, to convey the premises to the plaintiffs without assigning any just, legal or equitable reason therefor. He further found that the defendant's conduct was such that "a tender would have been an utterly useless gesture and would have accomplished nothing."

It is the defendant's contention that time was of the essence of the option, hence plaintiffs' neglect to tender the purchase price and make settlement before the termination of the lease released defendant from his obligation to convey. This is without merit. While it is a sound legal principle that unless an option is exercised within the time fixed it necessarily expires: *McMillan v. Philadelphia Company*, 159 Pa. 142, 28 A. 220; *Vilsack v. Wilson*, 269 Pa. 77, 112 A. 17; *Rhodes v. Good*, 271 Pa. 117, 114 A. 494; *Loughney v. Quigley*, 279 Pa. 396, 124 A. 84, plaintiffs *did* exercise the option and so notified defendant within the time named in the option and demanded a conveyance.

An option is an offer which, when accepted, becomes a valid and binding contract: *Kerr v. Day*, 14 Pa. 112; *Peoples Street Ry. Co. v. Spencer*, 156 Pa. 85, 27 A. 113; *Kelly's Estate*, 6 D. & C. 770; Ladner's Real Estate Conveyancing, vol. 1, section 42 A, p. 75. See also: *Borie v. Satterthwaite*, 180 Pa. 542, 37 A. 102; *Hess v. Vinton Colliery Co.*, 255 Pa. 78, 99 A. 218. When the *contract* was thus concluded defendant did not possess the legal title. It was therefore impossible for him to convey title to the real estate to plaintiffs. To require plaintiffs to settle for the property and receive a deed was therefore equally impossible of performance. Defendant thereafter, on September 5, 1944, acquired legal title to the

premises. It was then, and only then, that defendant was able to convey title to plaintiffs. Having theretofore conveyed the equitable title to plaintiffs when defendant did not possess it, but having later acquired legal title, defendant's former conveyance and agreement thus became absolute and effective: *Clark v. Martin,* 49 Pa. 299; *Calder v. Chapman,* 52 Pa. 359; *Bailey v. Allegheny National Bank,* 104 Pa. 425; *Jordan v. Chambers,* 226 Pa. 573, 75 A. 956; *Gallagher v. Stern,* 250 Pa. 292, 95 A. 518. It therefore necessarily follows that the time limit mentioned in the option being rendered inoperative by defendant's own action, plaintiffs are not bound thereby. Defendant was required to comply with his contract as soon as he was able to do so on September 5, 1944 (the date when he acquired the legal title).

It is not necessary to decide the effect of the termination of the original lease on the rights of a holder of an option where the original lease has been extended or the tenant has held over. See: *Parker v. Lewis,* 267 Pa. 382, 110 A. 79; *Signor v. Keystone Consistory A. A. S. R.,* 277 Pa. 504, 121 A. 320. See also: Ladner's Real Estate Conveyancing, vol. 1, section 42 A, p. 76; 37 A. L. R. 1246 et seq; and 39 A. L. R. 1106. In those cases the option had *not* been exercised within the time specified. In the present case appellee *did* exercise his option within the stipulated time. By such exercise appellee became the owner of an equitable interest, which interest became vested: *Peoples Street Ry. Co. v. Spencer,* 156 Pa. 85, 27 A. 113; *Schnee v. Elston,* 299 Pa. 100, 105, 149 A. 108; *Phoenixville, Valley Forge and Strafford Electric Ry. Company's Appeal,* 70 Pa. Superior Ct. 391, 396; see also: American Jurisprudence, vol. 55, section 43, p. 515 and 50 A. L. R. 1315 et seq. When the lessee held over for two years after the expiration of the lease, it was not the *option* that carried over with the new tenancy. The option had already been exercised. It was the interest lessee had acquired in the property which followed under the new landlord and tenant relationship.

Defendant further maintains that he is excused from fulfilling his contract because plaintiffs did not tender the purchase money and demand a deed prior to instituting suit. It is a well-established rule of law that a tender is excused where such tender would be a useless and idle ceremony: *Zents v. Legnard,* 70 Pa. 192; *Douglas v. Hustead,* 216 Pa. 292, 65 A. 670; *Shrut v. Huselton,* 272 Pa. 113, 116 A. 43; *Girard Mammoth C. Co. v. Raven Run Coal Co.,* 275 Pa. 439, 119 A. 495; *Loughney v. Quigley,* 279 Pa. 396, 124 A. 84; *Martin v. Cybulski,* 282 Pa. 297, 127 A. 778. See also: Pomeroy's Specific Performance of Contracts, 3rd Ed., p. 768, par. 361; 58 C. J. p. 1084, par. 348. It would have been a useless and idle ceremoney to have made a tender during the term of the lease because defendant would have been unable to make a conveyance. After the defendant secured title by foreclosure, the chancellor found that defendant, without legal justification, refused to convey to the plaintiffs and that a tender therefore would have been wholly nugatory. The testimony amply supports the finding. The decree is affirmed at the cost of appellant.